UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 71 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SHONTALE FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Shontale Franklin's Motion to Reconsider Order of Detention. (ECF #40). The Government filed a Response in Opposition to Defendant's Motion. (ECF #41). Ms. Franklin was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and one count of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF #11). She was arraigned and detained on those charges. Subsequently, a superceding indictment was filed adding an additional charge of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF #29). Ms. Franklin was re-arraigned and pre-trial detention was again ordered.

On July 12, 2023, Ms. Franklin pled guilty to all three counts in the superceding indictment pursuant to a written plea agreement. (ECF #39). She is now seeking reconsideration of her detention order. She argues that conditions have changed since she was originally detained. She

admits that she was under the influence of a controlled substance when she was originally detained, but claims that she has since "overcome her addiction and should be allowed to get an unsecured bond pending her sentencing." (ECF #40, PageID 141).

A district court, at its discretion, may reopen a detention hearing based on changed circumstances. 18 U.S.C. §3142(f)(2)(B); *United States v. Watson*, 475 Fed. App'x 598, 601 (6th Cir. 2012). The statute permitting reopening is to be "interpreted strictly." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009). The changed circumstances must have been unknown and unavailable to the Defendant at the time of the original hearing, and must have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *Watson*, 475 Fed. App'x at 600; see also, Jerdine 2009 WL 4906564, at *3. The asserted circumstances must be "something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009).

If the detention hearing is re-opened, the Court re-evaluates the appropriateness of pre-trial detention under the specific circumstances of the case. Because she has already pled guilty to the charges at issue and is now merely awaiting sentencing, Ms. Franklin would have to satisfy the strict release standard set forth in 18 U.S.C. §3143(a)(2) in order to be released from detention. Once a defendant who has been charged with this type of crime pleads guilty, the court is required to order that person detained unless: "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;" or, "an attorney for the Government has recommended that no sentence of imprisonment be imposed;" and, "the judicial officer finds by

2

clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 §3143(a)(2)(A)(i)-(ii).

Even if Ms. Franklin could convince the Court that a period of sobriety is sufficient to establish changed circumstances, and that it has a material bearing on the appropriateness of detention, she cannot establish that release is warranted under the appropriate standards. In this case there is no motion for acquittal or new trial, and no basis upon which to find that any such motion should be considered. Further, the Government is seeking a term of imprisonment in this case. Because she has not met the requirements of 18 §3143(a)(2)(A)(i)-(ii), Ms. Franklin is not a candidate for pre-sentence release.

Finally, even if she were eligible to be considered for release, she has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Ms. Franklin has a criminal history that includes convictions for assault on a police officer, resisting arrest, criminal damaging, and escape. These weigh against a finding that she is unlikely to flee, and poses no danger to the community. Further, the nature of her crimes demonstrate the her potential for causing danger to the community. She has pled guilty to multiple instances of distributing methamphetamine and fentanyl. The distribution of these drugs undisputedly poses a clear a present danger to the community. The Sixth Circuit has routinely upheld detention based on the demonstrated danger posed by defendants who are charge with drug distribution, even absent any record of specific violence. *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). Further, although she is to be commended for working toward and maintaining her sobriety, that sobriety was obtained while incarcerated and has not been tested in a community setting. She has provided no evidence to suggest that she would be likely to maintain her newly established

sobriety if she were to be released at this time.

For the reasons set forth above, the Court finds that there is no condition of combination of conditions that could adequately ensure the appearance of Ms. Franklin at sentencing, or protect individuals and the community from danger, if she were to be released pending sentencing. The Motion to Modify to Reconsider Order of Detention is, therefore, DENIED. (ECF #40).

IT IS SO ORDERED.

DATED July 24, 2023

DONALD C. NUGENT
United States District Judge